**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALANTINO L. BEAVERS ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| SIGN ME UP, INC., a Georgia ) | |
| Corporation d/b/a SIGNS BY ) | |
| TOMORROW and ROSCOE J. COX, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Alantino L. Beavers (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Sign Me Up, Inc. d/b/a Signs By Tomorrow (hereinafter "Defendant Sign Me Up") and Roscoe J. Cox (hereinafter "Defendant Cox") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at

§ 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of his lawful overtime wages.

2. Plaintiff was employed by Defendants as print operator/designer and customer service related work at Defendants' 2221 Peachtree Road, Suite G, Atlanta, Georgia, 30309 location.

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7.     Plaintiff resides in College Park, Georgia.  Plaintiff was employed by Defendants until on or about April 9, 2012.

8.     At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

9.     Defendant Sign Me Up is a corporation previously formed under the laws of the State of Georgia and owns and operates a sign manufacturing business.

10.    According to the Georgia Secretary of State's website, Defendant Sign Me Up was administratively dissolved on August 20, 2011.  However, Defendant Sign Me Up continued conducting business in this State and District at 2221 Peachtree Street Road, Suite G, Atlanta, Georgia, 30309.

11.    Defendant Sign Me Up is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner, Roscoe J. Cox, at 2221 Peachtree Road, Suite G, Atlanta, Georgia 30309.

12.    Upon information and belief, Defendant Cox is an individual owner of Defendant Sign Me Up is listed on the Georgia Secretary of State's web site as the "CEO", "CFO," "Secretary," and "Registered Agent" of Defendant Sign Me Up.

13. Upon information and belief, Defendant Cox is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Cox personally at 5709 Rockingwood Drive, College Park, Georgia 30349.

14. At all times material to this action, Defendant Sign Me Up was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

15. At all times material to this action, Defendant Sign Me Up was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

16. Upon information and belief, at all times material to this action, Defendant Cox was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

18. Defendants hired Plaintiff to provide print operator/designer and customer service related services to Defendants' clients.

19. Defendants set the schedule for which Plaintiff worked.

20. Defendants paid Plaintiff $13.75 per hour for all hours up to 80 in a two week period and did not compensate Plaintiff for any hours over 80 in a two week period.

21. At all times relevant to this action, Defendants regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

22. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

23. Plaintiff requested his proper overtime pay from Defendants but Defendants refused to compensate Plaintiff for any overtime work.

24. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

25. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times his regular rate at which it was by law required.

26. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

27. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

28. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31. Plaintiff demands a jury trial.

## COUNT I

32. Plaintiff repeats and incorporates by reference paragraphs 1-31 herein.

33. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as

detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with the FLSA.

34. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

35. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of his overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation and liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled; and

E. That Plaintiff be awarded judgment in this matter in his favor.

Respectfully submitted this 22nd day of April, 2012.

                MARTIN & MARTIN, LLP

                By: /s/ Kimberly N. Martin
                Kimberly N. Martin
                kmartin@martinandmartinlaw.com
                Georgia Bar No. 473410
                Thomas F. Martin
                tfmartin@martinandmartinlaw.com
                Georgia Bar No. 482595

                MARTIN & MARTIN, LLP
                Post Office Box 1070
                Tucker, Georgia 30085-1070

                (404)313-5538 / (770) 837-2678 Fax