# MOLDEN & HOLLEY, LLC

**ATTORNEYS AT LAW**
PEACHTREE CENTER – HARRIS TOWER
233 PEACHTREE STREET – SUITE 1245 – ATLANTA, GA 30303-3424
PH. 404-324-4500  FAX 404-324-4501
WWW.MOLDENHOLLEY.COM

*WRITER'S DIRECT DIAL*
404-835-1711

*REGINA MOLDEN*
*RMOLDEN@MOLDENHOLLEY.COM*

July 30, 2013

**VIA HAND DELIVERY**
Kimberly Martin, Esq.
Martin & Martin, LLP
235 Peachtree Street NE
Suite 400
Atlanta, Georgia 30303

> **Re:** ***Beavers vs. Sign Me, Up Inc. d/b/a Signs by Tomorrow, et al.***
> ***Civil Action No. 1:12-CV-01384-RWS***

Dear Ms. Martin:

Please find enclosed the executed Settlement and Release Agreement, along with Check No. 2087, in the amount of $800.00, issued to Alantino Beavers that is a full payment and final settlement of this lawsuit.

Please see that the Dismissal is filed with the clerk in The United States District Court Northern District of Georgia Atlanta Division.

Please contact me if you have any questions or concerns.

Sincerely,

Regina S. Molden, Esq.

RSM/ep
Enclosures

<u>SETTLEMENT AND RELEASE AGREEMENT</u>

THIS SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made and entered into by and between ALANTINO L. BEAVERS and SIGN ME UP, INC. D/B/A SIGNS BY TOMORROW AND ROSCOE J. COX ("Defendants") (Mr. Beavers and Defendants collectively "the Parties).

<u>WITNESSETH</u>:

WHEREAS, Mr. Beavers was employed by Defendants; and

WHEREAS, Mr. Beavers has filed an action currently pending in the United States District Court for the Northern District of Georgia styled <u>Alantino L. Beavers v. Sign Me Up, Inc. d/b/a Signs By Tomorrow and Roscoe J. Cox, Civil Action Number 1:12-cv-01384</u> alleging violations of the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendants deny all liability in the lawsuit; and

WHEREAS, the Parties desire to settle fully and finally all claims and related disputes between them, including, but in no way limited to, those disputes that are the subject of the lawsuits;

NOW, THEREFORE, in consideration of the special monetary consideration and mutual promises stated in this document, it is agreed as follows:

1. If Mr. Beavers executes this Agreement, Defendants will send to Kimberly N. Martin of Martin & Martin, LLP, Post Office Box 1070, Tucker, Georgia 30085 a total payment of $800 in one check made out to Alantino Beavers. Such payment shall be due within fifteen (15) days of the execution date. Additionally, within seven (7) days of the execution date, Defendants agree to immediately offer Mr. Beavers his job back to begin immediately or on a date agreeable

by Mr. Beavers and Defendants.  This job will be for a period of time of no less than six (6) months and Defendants shall provide Mr. Beavers with as many hours as reasonable and paid at a rate of no less than $15 per hour.

2. This Agreement is in compromise of disputed claims and is not an admission by either party of a violation of any federal, state, common law, or local statute or regulation, and the Parties specifically disclaim any liability to each other.

3. Unless expressly excepted in this Agreement, the Parties (on behalf of themselves, heirs executors, assigns, representatives, attorneys, and all persons acting by, through,, under or in concert with any of them) forever discharge each other from any and all charges or complaints or claims for damages whether known or unknown which the Parties has or have had at the time of the execution of this Agreement.

4. The foregoing releases above include, but are not limited to, all claims by either Mr. Beavers or the Defendants arising from or relating in any way to Mr. Beavers' employment relationships with the Defendants; any claims for recovery of damages for personal injury, loss of wages, failure to fully compensate for overtime worked, fringe benefits, liquidated damages, penalties, property, front pay or other equitable relief, and including, but not limited to claims which have been asserted or could have been asserted against the Parties under the Fair Labor Standards Act, 29 U.S.C.    201, _et seq._; any other federal, state, or local law or regulation regarding minimum wages, maximum hours, overtime, or overtime premium pay; 42 U.S.C. 1981 (prohibiting discrimination on account of race); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e _et seq._ (prohibiting discrimination on account of race, sex, color, national origin or religion); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 _et seq._ (prohibiting discrimination on account of age); the Americans with Disabilities Act,

42 U.S.C.   12101, et seq. (prohibiting discrimination on account of disabilities); the Family and Medical Leave Act of 1993, 29 U.S.C.   2601, et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C.   1001, et seq.; and any other federal, state, or local statutory or common law.

5. The only claims expressly excepted from this release are as follows:

(i) This release does not waive or release any claims pursuant to or arising from this Agreement.

(ii) This release does not waive rights or claims that may arise after the date it is signed below.

6. The Parties agree to dismiss with prejudice, and promptly to sign all documents necessary to dismiss the lawsuit filed by Mr. Beavers against the Defendants.

7. The Parties agree that confidentiality is a material term of this Agreement.  The Parties agree that they will take all steps necessary to maintain the confidentiality of the Settlement and Release Agreement.

8. Except where there is a legal obligation to disclose this information or as noted herein, the Parties will not disclose or discuss the terms and amount of this Agreement, or the contents of settlement negotiations between the Parties to or with any third party.

9. The Parties agree that they will not do or say anything which criticizes or disparages each other.  This provision does not apply on occasions when the Parties are subpoenaed or ordered by a court or other governmental authority, or is otherwise required by law, to testify or give evidence and must, of course, respond truthfully.

10. This Agreement shall be binding upon the Parties, their next of kin, heirs, representatives, administrators, executors, successors, attorneys and assigns, and shall apply fully

to each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

11. This Agreement will become effective on the day it is executed by Mr. Beavers.

12. The language of all parts of this Settlement and Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

13. This Agreement shall be governed by the laws of the State of Georgia.

14. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, but the illegal or invalid part, term, or provision shall be excluded from this Agreement.

15. The Parties understand and agree that the terms and conditions of this Agreement constitute the full and complete understandings, agreements, and promises of the Parties, and that there are no oral or written understandings, agreements, promises, or inducements made or offered other than those set forth in writing in this Agreement.

THE UNDERSIGNED FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS "SETTLEMENT AND RELEASE AGREEMENT;" THAT THEY KNOW AND UNDERSTAND ITS CONTENTS; AND THAT THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS BECAUSE THEY ARE SATISFACTORY.

SIGNATURES:

ALANTINO L. BEAVERS:

Date: 7/8/13

By: _Alantino T. Beavers_

-4-

SIGN ME UP, INC. D/B/A SIGNS BY
TOMORROW:

Date: 7/18/13

By:

ROSCOE J. COX:

Date: 7/18/13

By: